UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF TERRAN CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>TATILEK CONSTRUCTION SERVICES, INC., an Alaska corporation; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation,<br><br>  Defendant. | Civil No.   13cv340-CAB (KSC)<br><br>**ORDER: (1) GRANTING MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT [Doc. No. 30]; (2) VACATING PRETRIAL DATES; (3) ORDER PARTIES TO CONTACT CHAMBERS OF MAGISTRATE JUDGE** |

On February 18, 2014, Plaintiff Terran Corporation ("Terran") filed a motion for leave to file third party complaint against Tri-Tech Associates, Inc. ("Tri-Tech"). [Doc. No. 30.] On February 28, 2014, Defendant Tatilek Construction Services, Inc. ("Tatilek") filed an opposition to the motion. [Doc. No. 36.] On March 7, 2014, Plaintiff filed a reply to the opposition. [Doc. No. 38.] On March 10, 2014, the Court took the motion under submission. [Doc. No. 39] For the reasons set forth below, the motion for leave to file third party complaint is **GRANTED**.

Background

Plaintiff Terran filed this action on February 12, 2013, alleging that Defendant Tatilek failed to pay for work Terran performed on the construction of live fire training facilities for the United States Navy at Camp Pendleton, California (the "Project"). [Doc.

No. 1.] On April 11, 2013, Tatilek filed an answer and counter-claim. [Doc. No. 8.] On June 28, 2013, a scheduling order was issued which set discovery cutoff for December 6, 2013, and the Pretrial Conference for September 19, 2014. [Doc. No. 16.] Later, at the request of the parties, discovery cutoff was continued to February 28, 2014. [Doc. No. 24.] Terran now seeks leave to file a third party complaint against Tri-Tech with regard to the engineering and design services that Tri-Tech provided to Terran on the Project.

## Discussion

Fed.R.Civ.P. 14(a) provides for service of a third-party impleader complaint upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the claim against it. Defendant need not obtain leave of the court to serve and file a third-party complaint, if is it filed within 10 days after defendant serves its original answer to the complaint in the main action. Fed. R. Civ. Proc. 14(a)(1). In all other circumstances, leave of the court to serve and file a third party complaint must be sought by motion. Fed. R. Civ. Proc. 14(a) (1).

The purpose of impleader is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim. *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986). The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. *Id*. But since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. *Lehman v. Revolution Portfolio L.L.C.,* 166 F.3d 389, 394 (1st Cir. 1999).

Here, Plaintiff's proposed third-party complaint against Tri-Tech meets the standard set forth in FRCP 14(a) because Tri-Tech's liability to Terran is dependent on the outcome of Tatitlek's counterclaim against Terran. If Terran is found liable on the counterclaim based on Tri-Tech's work on the Project, then Terran may be entitled to indemnity from Tri-Tech.  Moreover, Plaintiff has submitted sufficient evidence that it acted diligently to bring this motion after it learned that it had a good faith basis to make

a claim against Tri-Tech and then found new lead counsel following an unwaivable conflict of interest. [Doc. No. 30-2 at ¶¶ 2-4.] Finally, any prejudice to Defendant is minimal, as no trial date has been set in this case; and such prejudice is greatly outweighed by the judicial efficiency of having all of the claims regarding the Project adjudicated in the same forum. Accordingly, Plaintiff's motion for leave to file a third party complaint is **GRANTED**.

## Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

1) Plaintiff's motion for leave to file a third party complaint is **GRANTED**;

2) Plaintiff shall file the proposed third party complaint [Doc. No. 30-3] no later than **March 17, 2014**, and shall serve the complaint on the third party as expeditiously as possible;

3) All pending pretrial dates set forth in the scheduling orders [Doc. Nos. 16, 37] are **HEREBY VACATED**;

4) Within three days of this order, the parties shall contact the chambers of Magistrate Judge Karen Crawford to schedule a status/case management conference to appropriately extend discovery and reset pre-trial dates once the third party has appeared in the action.

**IT IS SO ORDERED**.

DATED: March 11, 2014

**CATHY ANN BENCIVENGO**
United States District Judge